DOWNEY BRAND LLP
ANNIE S. AMARAL (Bar No. 238189)
aamaral@downeybrand.com
J. PATRICK DOUST (Bar. No. 280917)
pdoust@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone: 916.444.1000
Facsimile: 916.444.2100

WACHLER & ASSOCIATES, P.C.
ANDREW B. WACHLER (admitted *pro hac vice*)
AWachler@wachler.com
STEPHEN SHAVER (admitted *pro hac vice*)
SShaver@wachler.com
210 E. Third Street, Suite 204
Royal Oak, MI 48067
Telephone: 248.544.0888
Facsimile: 248.544.3111

Attorneys for Defendants ARK LABORATORY, LLC dba HELIX DIAGNOSTICS, JAMES GROSSI and NORMAN KIMINAIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ZIP MEDICAL BILLING, LLC, a Delaware Limited Liability Company; SIGNAL GENOMICS, LLC, a Delaware Limited Liability Company; SIGNAL DIAGNOSTICS, LLC, a Delaware Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> ARK LABORATORY, LLC dba HELIX DIAGNOSTICS, a Michigan Limited Liability Company; HAMID SATTAR, an individual; BRIAN TIERNEY, an individual; JAMES GROSSI, an individual; NORMAN KIMINAIA, an individual; and JAMES BERG, an individual, and DOES 1 through 100, <br><br> Defendants. | Case No. 2:20-cv-09049-FMO-JEM <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Date: February 18, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 6D <br> Judge: Hon. Fernando M. Olguin |

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1
II. RELEVANT FACTUAL BACKGROUND ....................................................... 2
III. ANALYSIS .......................................................................................................... 4
   A.   This Court Does Not Have Personal Jurisdiction Over the Individual Defendants............................................................................................................ 4
      1.   Legal Standards Governing Personal Jurisdiction ....................... 4
      2.   There Is No General Jurisdiction Over the Individual Employees. ............. 5
      3.   There Is No Specific Jurisdiction Over the Individual Employees............. 6
   B.   Plaintiffs' Fraud Claims Are Barred By the Economic Loss Rule. ................. 10
   C.   Plaintiffs' Conspiracy Claim Has Not Been Properly Pled. ............................ 12
   D.   Plaintiffs' Breach of the Covenant of Good Faith Claim is Superfluous. ...... 14
   E.   Plaintiffs Are Unable to Amend the Complaint to Remedy Its Deficiencies 15
IV. CONCLUSION.................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Aas v. Superior Court,*
  24 Cal.4th 627, 643 (2000) .......................................................................... 11

*Alfus v. Pyramid Tech. Corp.,*
  745 F. Supp. 1511, 1520 (N.D. Cal. 1990) .................................................. 13

*Amini Innovation Corp. v. JS Imports, Inc.,*
  497 F.Supp.2d 1093, 1102 (C.D. Cal. 2007) ................................................. 7

*Ashcroft v. Iqbal,*
  556 U.S. 662, 678 (2009) ............................................................................. 12

*Ballard v. Savage,*
  65 F.3d 1495, 1500 (9th Cir.1995) ................................................................ 9

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
  223 F.3d 1082, 1086 (9th Cir. 2000) ............................................................. 6

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) .......................... 12, 13

*BFGC Architects Planners, Inc. v. Forcum/Mackey Construction,* Inc.,
  119 Cal. App. 4th 848, 853 (2004) .............................................................. 11

*Boschetto v. Hansing,*
  539 F.3d 1011, 1016 (9th Cir. 2008) ............................................................. 6

*Bowen v. Lancaster,*
  2008 WL 1986036, at *4 (C.D. Cal. April 30, 2008) .................................... 8

*Bowen,*
  2008 WL 1986036, at *4 ............................................................................... 9

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462, 472 n.14 (1985) ................................................................... 4, 8

*Burnham v. Super. Ct.,*
  495 U.S. 604, 610-11 (1990) ......................................................................... 4

*Caltex Plastics, Inc. v. Lockheed Martin Corp.* (9th Cir. 2016)
  824 F.3d 1156, 1159 .................................................................................... 12

*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990)
  222 Cal.App.3d 1371, 1394-1395 ................................................................ 14

*Casualty Assurance Risk Ins. Brokerage Co. v. Dillon,*
  976 F.2d 596, 601 (9th Cir.1992) .................................................................. 9

*Colt Studio, Inc. v. Badpuppy Enter.,*
  75 F.Supp.2d 1104, 1111 (C.D. Cal. 1999) ................................................... 5

*Data Disc, Inc. v. Systems Technology Associates, Inc.,*
  557 F.2d 1280, 1284 (9th Cir. 1977) ............................................................. 5

*Desaigoudar v. Meyercord*
  223 F3d 1020, 1022-1023 (9th Cir. 2000); Fed. R. Civ. Proc. 9(b) ............ 13

*Dole Food Co., Inc. v. Watts,*
  303 F.3d 1104, 1108 (9th Cir. 2002) ............................................................. 5

*EduMoz, LLC v. Republic of Mozambique,*
  2015 WL 13697385, at *7 (C.D. Cal. Apr. 20, 2015) ................................. 12

*F.D.I.C. v. CoreLogic Valuation Servs., LLC,*
  2011 WL 5554324, at *4 (C.D. Cal. Nov. 14, 2011) ................................... 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  131 S. Ct. 2846, 2851 (2011) ................................................................... 6, 11

*Gray & Co. v. FirstenbergMach. Co.,*
  913 F.2d 758, 760 (9th Cir. 1990) ............................................................. 8, 9

*Hunt v. Erie Ins. Group,*
  728 F.2d 1244, 1247 (9th Cir.1984) .............................................................. 9

*In re Boon Global Ltd.* (9th Cir. 2019)
  923 F.3d 643, 652 .......................................................................................... 5

DOWNEY BRAND LLP

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310, 316 (1945) .................................................................................... 4
*Iqbal*,
   556 U.S. at 678 .................................................................................................. 12
*JMP Sec. LLP v. Altair Nanotechnologies Inc.*,
   880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) ................................................. 12
*Lincoln Gen. Ins. Co. v. Access Claims Adm'rs, Inc.*,
   2007 WL 2492436 (E.D. Cal. Aug. 30, 2007) ................................................. 11
*Milliken v. Meyer*,
   311 U.S. 457, 463 (1940) .................................................................................... 4
*Nicosia v. De Rooy*,
   72 F.Supp.2d 1093, at 1097 (N.D. Cal. 1999).................................................... 5
*NuVasive, Inc. v. Renaissance Surgical Center North, L.P.*
   (S.D. Cal. Jul. 22, 2011) 2011 WL 3021896, at *4........................................ 8, 9
*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797, 802 (9th Cir. 2004)....................................................................... 7
*Tenzer v. Superscope, Inc.*,
   39 Cal. 3d 18, 30-31 (1985); ............................................................................. 11
*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*
   (C.D. Cal., July 2, 2015) 2015 WL 12752879, at *7 ......................................... 6
*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*,
   660 F.Supp.2d 1163, 1171 (C.D. Cal. 2009).................................................... 13
*Walden v. Fiore*,
   571 U.S. 277, 291 (2014) .................................................................................... 7
*Wasco Prod., Inc. v. Southwall Techs., Inc.*,
   435 F.3d 989, 990 (9th Cir. 2006).................................................................... 13

# I. INTRODUCTION

This case should be a straightforward contract dispute between corporate entities Ark Laboratory dba Helix Diagnostics ("Helix") on the one hand, and Zip Medical, Signal Genomics, and Signal Diagnostics (collectively "Plaintiffs") on the other. Unfortunately, Plaintiffs have sought to overcomplicate the dispute by suing two of Helix's Michigan-based employees individually, and by mischaracterizing their run-of-the-mill contract claims as fraud. In so doing, Plaintiffs stretch the simple issue in this matter—whether Helix owes Plaintiffs money for services allegedly rendered pursuant to various contracts—to its breaking point.

More specifically, Plaintiffs assert that they entered into three different contracts with Helix, pursuant to which Plaintiffs agreed to provide certain services and, in exchange, Helix agreed to compensate them. Plaintiffs allege that they did provide these services but that Helix failed to pay Plaintiffs everything they claim they are due. These allegations comprise the breach of contract claims that underlie this dispute. However, Plaintiffs also allege that James Grossi, the Chief Executive Officer of Helix, affirmed that Helix would pay the purported amounts due under the various contracts, and that he, together with Norman Kiminaia, Helix's Chief Financial Officer, conspired to commit a fraud against the Plaintiffs in the form of misrepresenting that Helix would perform its obligations under the contract. These allegations form the bases for Plaintiffs' fraud and breach of the implied covenant of good faith and fair dealing claims, but they fail to allege anything beyond a purported failure by Helix to pay money owed under the three contracts. They also fail to demonstrate any connection between Mr. Grossi or Mr. Kiminaia to California, or any effort by either of them to personally do business here.

The duplicative nature of the Second Amended Complaint confirms an effort by Plaintiffs to transform a basic breach of contract matter into a wide-ranging and ill-defined conspiracy to defraud, as well as an attempt to increase leverage by including individuals over whom this Court lacks jurisdiction. Plaintiffs' fraud

claims are not fraud at all, but merely re-casted breach of contract claims and as such are barred by the economic loss rule. Even if they were not barred by the economic loss rule (they are), Plaintiffs have failed to allege with particularity any specific facts relating to the conspiracy to defraud claim. Similarly, Plaintiffs' breach of the covenant of good faith and fair dealing claim is duplicative because it mirrors the breach of contract claim, which renders it superfluous and subject to dismissal.

At the end of the day, this is a contract dispute that does not implicate Helix's individual employees and does not involve fraud. For all the reasons set forth below, Defendants respectfully request that the claims against Mr. Grossi and Mr. Kiminaia be dismissed for lack of personal jurisdiction, and that the Second, Third, Fifth, Sixth, Eighth, and Ninth Claims for Relief be dismissed in their entirety, without leave to amend.[1]

## II. RELEVANT FACTUAL BACKGROUND

Helix is a clinical laboratory testing company that is based in Michigan. Second Amended Complaint ("SAC") at ¶ 4, ECF No. 26. Mr. Grossi is a Michigan citizen and the CEO of Helix. *Id.* at ¶ 5. Mr. Kiminaia is also a Michigan citizen and the CFO of Helix. *Id.* at ¶ 6. Neither Mr. Kiminaia nor Mr. Grossi (collectively, the "Individual Employees") own any real or personal property in California. Declaration of James Grossi ("Grossi Decl.") at ¶ 3; Declaration of Norman Kiminaia ("Kiminaia Decl.") at ¶ 3. They do not vacation here, work here, or maintain bank accounts, mailing addresses, post office boxes, or telephone numbers in California. Grossi Decl. at ¶¶ 4-5; Kiminaia Decl. at ¶¶ 4-5. Mr. Kiminaia and Mr. Grossi did not travel to California relating to this matter, nor are they alleged to have taken any action relevant to this matter while in California.

---

[1] Upon the Court's resolution of this motion, Helix intends to move to compel arbitration with respect to Plaintiffs' breach of contract claims. To this end, Plaintiffs have already agreed that Zip Medical and Signal Genomics' breach of contract claims are subject to arbitration.

Grossi Decl. at ¶ 5; Kiminaia Decl. at ¶ 5. Similarly, neither Mr. Kiminaia nor Mr. Grossi have a personal business relationship with Plaintiffs, or with anyone else in California for that matter. Grossi Decl. at ¶ 10; Kiminaia Decl. at ¶ 10.

In late 2017, Helix entered into contracts with Zip Medical and Signal Genomics. SAC at ¶¶ 14, 25, ECF No. 26. Helix executed these contracts in Michigan. Grossi Decl. at ¶ 11; Kiminaia Decl. at ¶ 11. Under the Zip Medical contract, Zip Medical was to perform medical billing and collections services on Helix's behalf in return for a percentage of the amount collected by Zip Medical. SAC, Exhibit A, ECF No. 26. Under the Signal Genomics contract, Signal Genomics would perform education of prospective customers, account management, operational assistance, customer complaint services, and other services in return for a flat, weekly fee. SAC, Exhibit B, ECF No. 26. In January 2019, Helix entered into a third contract, this time with Signal Diagnostics, pursuant to which Signal Diagnostics would provide laboratory testing services. SAC at ¶ 33, Exhibit C, ECF No. 26.

Plaintiffs allege that Helix breached its contractual obligations by failing to make payments for services rendered thereunder. SAC at ¶¶ 37-38, 60-61, 87, ECF No. 26. However, Plaintiffs further allege that these same breaches of contract also constitute fraud. Plaintiffs allege that after Helix and Plaintiffs entered their respective contracts, Mr. Grossi represented that he believed Helix would make several specific payments to Zip Medical and Signal Genomics for services they allegedly performed. *Id.* at ¶¶ 18, 28. Zip Medical and Signal Genomics assert that these representations by Mr. Grossi constitute intentional and negligent fraud because Helix did not later "bring[] its account current." *Id.* at ¶¶ 22, 30. These sparse allegations form the bases of Plaintiffs' breach of contract claims against Helix, breach of the covenant of good faith and fair dealing claims against Helix, and four intentional and negligent fraud claims against Helix and Mr. Grossi.

Plaintiffs also allege—on information and belief—that Mr. Kiminaia sent two

checks in February 2019 on behalf of Helix that later bounced, and that he created shipping labels on four occasions. SAC at ¶¶ 19-21, ECF No. 26. From this, Zip Medical and Signal Genomics assert a conspiracy to defraud claim against Mr. Kiminaia and Mr. Grossi, alleging that they "entered into a mutual agreement to scheme to defraud Zip Medical and Signal Genomics . . . ." SAC at ¶ 90, ECF No. 26. The Complaint otherwise does not refer to or mention Mr. Kiminaia and provides no other factual allegations relating to Mr. Kiminaia and Mr. Grossi's alleged agreement to defraud Plaintiffs.

## III. ANALYSIS

### A. This Court Does Not Have Personal Jurisdiction Over the Individual Defendants.

#### 1. Legal Standards Governing Personal Jurisdiction

A federal court may exercise personal jurisdiction over a non-resident defendant only to the extent of its powers under the due process clause of the United States Constitution. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Due process permits the exercise of personal jurisdiction where a traditional basis for exercising jurisdiction exists or if the defendant has sufficient "minimum contacts" with the forum state, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See id.* (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Traditional grounds for exercising jurisdiction over a defendant include where the defendant: (1) is domiciled in the forum state; (2) is served when it is present in the forum state; or (3) has consented to jurisdiction in the forum state. *See Burnham v. Super. Ct.*, 495 U.S. 604, 610-11 (1990); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Milliken*, 311 U.S. at 462-64. Absent a traditional basis for jurisdiction, the court must assess whether the defendant has sufficient minimum contacts with the forum state such that the defendant should reasonably anticipate being subject to suit in that state.

Importantly, each defendant's contacts with the forum state must be assessed individually. *In re Boon Global Ltd.* (9th Cir. 2019) 923 F.3d 643, 652 (district court erred "by failing to conduct individualized inquiries over each third-party entity"). Further, "[t]he mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well." *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F.Supp.2d 1104, 1111 (C.D. Cal. 1999) (holding that "the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals"). Thus, whatever contacts or contracts Helix may have had with companies based in California cannot be a basis to assert jurisdiction over Mr. Kiminaia or Mr. Grossi. Further, Mr. Grossi's contacts with California cannot be used to assert jurisdiction over Mr. Kiminaia, or vice versa.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating "jurisdictional facts." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The plaintiff must make a "prima facie" showing of facts supporting jurisdiction based on admissible evidence. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977); *Colt Studio, Inc.*, 75 F. Supp. 2d at 1107 ("a 'prima facie' showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction"). To this end, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc*, 557 F.2d at 1284, and need not assume the truth of conclusory allegations. *Nicosia v. De Rooy*, 72 F.Supp.2d 1093, at 1097 (N.D. Cal. 1999).

This Court does not have personal jurisdiction over Mr. Kiminaia or Mr. Grossi on either a general or specific basis.

2. There Is No General Jurisdiction Over the Individual Employees.

A non-resident defendant is subject to general jurisdiction only where the defendant's contacts with the forum are so continuous and systematic as to "render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). The standard is "fairly high" and requires that the defendant's contacts be substantial enough to "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

This is not a close question here. Mr. Kiminaia and Mr. Grossi have no contact with California, much less the type of "continuous and systematic" contacts that would "approximate physical presence" in the State. They are both domiciled in Michigan, own no real or personal property in California, and do not maintain bank accounts, mailing addresses, post office boxes, or telephone numbers in California. Grossi Decl. at ¶¶ 3-4; Kiminaia Decl. at ¶¶ 3-4. Nor is there any allegation that they were served or consented to jurisdiction in California. Accordingly, general jurisdiction does not exist.

### 3. There Is No Specific Jurisdiction Over the Individual Employees.

The conspiracy claim asserted against Mr. Kiminaia and Mr. Grossi, and the fraud claims asserted against Mr. Grossi, arise from the contractual relationships between Helix and Plaintiffs, i.e., the allegation that Helix agreed to pay Plaintiffs for services rendered pursuant to the various contracts but purportedly failed to do so. The fraud claims fail to identify any duty separate and distinct from Helix's alleged duty to pay Plaintiffs pursuant to the contracts. Because of this, the purposeful availment standard applies in determining whether the court has specific jurisdiction over Mr. Kiminaia and Mr. Grossi. *See UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.* (C.D. Cal., July 2, 2015) 2015 WL 12752879, at *7 (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (holding that the purposeful availment test was properly used where plaintiff's claims for violation of the California Consumer Protection Act, breach of contract,

misrepresentation, and fraud "sound[ed] primarily in contract")).

Under the purposeful availment standard, Plaintiffs must show: 1) the Individual Employees each purposefully availed themselves of the privilege of conducting business in California; 2) the claim arises out of or relates to each Individual Employees' forum-related activities; and 3) the exercise of jurisdiction comports with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Plaintiffs bear the burden of satisfying the first two prongs. Upon making such a showing, then the defendant must demonstrate that the third prong, reasonableness, is not satisfied. *Id.* Here, Plaintiffs cannot establish either of the first two prongs, nor is there any reason why it would be reasonable for the Court to exercise jurisdiction over the Individual Employees based on the claims and facts presented.

>      (a)   *Plaintiffs' Allegations Have Not Established the Individual Employees Purposefully Availed Themselves of the Privilege of Conducting Business in California.*

Under the first prong of the purposeful availment test, Plaintiffs must establish that Mr. Kiminaia and Mr. Grossi each, as individuals, "engage[d] in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1102 (C.D. Cal. 2007). As the Supreme Court stated in *Walden v. Fiore*, 571 U.S. 277, 291 (2014), the "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." Instead, two factors are considered in determining whether an action is expressly aimed at the forum state. *Id.* at 284. First, the relationship must arise out of contacts that the defendant himself creates with the forum state. *Id.* Second, the "minimum contacts" analysis looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there. *Id.* The plaintiff cannot be the only link between the defendant and the forum. *Id.*

Here, all Plaintiffs have alleged is that Helix (i.e., **not** the Individual Employees) entered into contracts with Plaintiffs, that Mr. Grossi sent text messages to individuals in California regarding Helix's payment for services pursuant to those contracts, and that Mr. Kiminaia mailed two checks on behalf of Helix to Plaintiffs in California. Notably, Mr. Grossi and Mr. Kiminaia are not alleged to have taken a single action while in California or regarding their individual effort to transact business in California. Their only alleged connection to California is that Plaintiffs reside there. These allegations do not satisfy Plaintiffs' burden.

Case law is clear that simply entering into a business relationship with a California company does not prove purposeful availment. *Gray & Co. v. FirstenbergMach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Regardless, neither Mr. Kiminaia nor Mr. Grossi personally transacted any business in California and never entered into a contract with Plaintiffs in their individual capacities. Further, because Mr. Kiminaia and Mr. Grossi are employees of Helix and not parties to the contract, their alleged actions taken on behalf of Helix cannot reasonably be construed as them individually seeking to gain directly or indirectly from dealings in California.

Further, the use of interstate mail, telephone or wire services is insufficient to support personal jurisdiction in the purposeful availment context. *Bowen v. Lancaster*, 2008 WL 1986036, at *4 (C.D. Cal. April 30, 2008). In a factually similar case, the Southern District of California held that entering into a business relationship with a California company, mailing payments to California for products that were shipped from California, and communicating more than one hundred times with personnel in California was insufficient to establish personal jurisdiction. *NuVasive, Inc. v. Renaissance Surgical Center North, L.P.* (S.D. Cal. Jul. 22, 2011) 2011 WL 3021896, at *4. Other cases are in accord. *See e.g., Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1143 (9th Cir. 2017) (holding that making phone calls and sending letters to plaintiffs in Arizona was not sufficient to establish jurisdiction

over the out-of-state defendants); *Bowen*, 2008 WL 1986036, at *4. Here, Mr. Kiminaia is alleged to have mailed to California only two checks on behalf of the company for which he worked, and Mr. Grossi is alleged to have sent only a handful of text messages to a California resident while acting in the scope of his employment in Michigan. The nature and quantity of these acts do not even come close to the nature or number of acts at issue in *NuVasive* and simply do not satisfy the purposeful availment prong.

Nor does the fact that the alleged injury occurred in California support personal jurisdiction. "The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction." *Gray & Co. v. FirstenbergMach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990); *Casualty Assurance Risk Ins. Brokerage Co. v. Dillon*, 976 F.2d 596, 601 (9th Cir.1992) (holding it irrelevant that a plaintiff resides in California and that the effects of the defendants' allegedly tortious conduct was felt there); *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1247 (9th Cir.1984) (finding no purposeful direction when the only grounds for defendants' communication within the forum state was plaintiff's residence therein).

Thus, while Helix may have sought the privilege of conducting business in California, Mr. Grossi and Mr. Kiminaia, as individual employees of Helix and citizens of Michigan, did not. Consequently, neither of them should be forced to litigate in California.

        (b)    *Plaintiffs' Allegations Have Not Established That Their Claims Would Not Have Arisen But For Each Individual Employees' California-Related Activities.*

To satisfy the specific jurisdiction analysis, Plaintiffs must next show that their claims against the Individual Defendants arise out of Mr. Grossi's and Mr. Kiminaia's forum-related conduct. The Ninth Circuit employs a "but for" test to analyze this element. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995). Under this test, Plaintiffs must demonstrate that, "but for" Mr. Grossi's and Mr.

Kiminaia's sparse contacts with California, Plaintiffs' claims would not have arisen. *Id.*

Plaintiffs cannot show that, but for Mr. Grossi's and Mr. Kiminaia's forum-related activities (whatever those may be), their claims would not have arisen. Plaintiffs cannot make this showing because their claims stem from their contractual relationships with Helix, and Plaintiffs' breach of contract claims are identical to their fraud claims (see discussion *infra*). In other words, Plaintiffs would still have a need for a judicial declaration of their rights relating to the alleged amounts owed by Helix, even in the absence of alleged texts sent by Mr. Grossi to Plaintiffs in California. Further, the sole allegation of California-related conduct as to Mr. Kiminaia is that he mailed two checks in February 2019 that did not clear. Because the conspiracy to defraud claim asserted against Mr. Kiminaia is premised on his alleged decision (made and executed in Michigan) to enter into a mutual agreement with Mr. Grossi to defraud Plaintiffs, this claim would have arisen even in the absence of the mailed checks.

        (c)    *Exercising Personal Jurisdiction Over the Individual Employees Would Be Unreasonable.*

For the reasons discussed above, Plaintiffs cannot satisfy the first two prongs to demonstrate that the Individual Employees have sufficient minimum contacts with California such that the exercise of jurisdiction over them comports with due process. It therefore follows that the Court's exercise of jurisdiction over Michigan citizens with no connection to California would violate notions of fair play and substantial justice. *See e.g.,* Grossi Decl. at ¶¶ 3-16; Kiminaia Decl. at ¶¶ 3-16.

**B.** **<u>Plaintiffs' Fraud Claims Are Barred By the Economic Loss Rule.</u>**

There are additional problems with Plaintiffs' Complaint.

Zip Medical's and Signal Genomics' fraud claims (the Second, Third, Fifth, Sixth and Eighth Claims for Relief) are not legally cognizable because they are barred by the economic loss rule. This doctrine bars plaintiffs from recasting basic

contract claims as fraud, thereby limiting contracting parties to compensatory damages. *F.D.I.C. v. CoreLogic Valuation Servs., LLC*, 2011 WL 5554324, at *4 (C.D. Cal. Nov. 14, 2011) (citing *Aas v. Superior Court*, 24 Cal.4th 627, 643 (2000) ("A person may not ordinarily recover in tort for breaches of duties that merely restate contractual obligations")). Indeed, a plaintiff may not circumvent the economic loss rule by seeking to recover in tort for breaches of duties that "merely restate contractual obligations." *F.D.I.C.*, 2011 WL 5554324 at *4; *see also BFGC Architects Planners, Inc. v. Forcum/Mackey Construction*, Inc., 119 Cal. App. 4th 848, 853 (2004) (rejecting "improper attempt to recast a breach of contract claim as a tort claim" where "[t]he only allegations of defendants' misconduct [were] based on their alleged breach of contract"). Thus, a claim is deficient where there is "no further evidence of fraudulent intent than proof of nonperformance of [a] promise . . . ." *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30-31 (1985); *accord*, *Grant v. Aurora Loan Services, Inc.*, 736 F. Supp. 2d 1257, 1271 n.51 (C.D. Cal. 2010) (citing *Tenzer* in support of dismissal of claim based on Rule 12(b)(6)).

Here, Zip Medical's and Signal Genomics' fraud claims are identical to their breach of contract claims—they both allege that Helix promised to pay Zip Medical and Signal Genomics for services rendered pursuant to their respective contracts, that Zip Medical and Signal Genomics provided services pursuant to the contracts, and that Helix later did not pay them for those services. *See e.g.*, SAC at ¶¶ 38-40, 44-48, ECF No. 26. Indeed, even the damages asserted for the breach of contract and fraud claims are duplicative. *Id.* at ¶¶ 42, 49. Further, Mr. Grossi is not alleged to have violated any duty independent of Helix's alleged duty to pay Zip Medical and Signal Genomics for the services they rendered pursuant to the contracts. The fraud claims plainly parallel the breach of contract claims and are precisely the type of tort claims that the economic loss rule is designed to preclude; they must therefore be dismissed. *See Lincoln Gen. Ins. Co. v. Access Claims Adm'rs, Inc.*, 2007 WL 2492436 (E.D. Cal. Aug. 30, 2007) (finding negligence and negligent

misrepresentation claims barred by the economic loss rule where "[t]he allegations made with regard to the breach of contract claim closely parallel those made with regard to the negligence and negligent misrepresentation claims.")

Other courts have routinely barred tort claims similar to those alleged by Zip Medical and Signal Diagnostics here. *See e.g., JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) (dismissing fraud claim where defendant "misrepresented to [plaintiff] on numerous occasions that [it] would pay [plaintiff] the higher fee associated with a strategic investment when all along [it] knew that it would not"); *EduMoz, LLC v. Republic of Mozambique*, 2015 WL 13697385, at *7 (C.D. Cal. Apr. 20, 2015) ("district courts applying California law have held that tort claims are barred in cases in which one party has breached its contract by refusing to pay for services rendered, even where there is an allegation that it never intended to perform its promise.")

Based on the foregoing, the Second, Third, Fifth, Sixth and Eighth[2] Causes of Action are barred by the economic loss rule.

### C. Plaintiffs' Conspiracy Claim Has Not Been Properly Pled.

In addition to being barred by the economic loss rule, the Eighth Cause of Action for conspiracy to commit fraud fails for lack of specificity. *Caltex Plastics, Inc. v. Lockheed Martin Corp.* (9th Cir. 2016) 824 F.3d 1156, 1159. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims for relief are plausible only when the plaintiff alleges facts sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely

---

[2] Because the underlying fraud claims are barred by the economic loss rule, the Eighth Cause of Action for conspiracy to defraud should also be dismissed because the fraud claims upon which it is premised are barred.

consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted).

It is of course well established that fraud must be pled "with a high degree of meticulousness." *Desaigoudar v. Meyercord* 223 F3d 1020, 1022-1023 (9th Cir. 2000); Fed. R. Civ. Proc. 9(b); *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F.Supp.2d 1163, 1171 (C.D. Cal. 2009). Allegations of a conspiracy to defraud are subject to the heightened pleading standard of Rule 9(b). *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990 (9th Cir. 2006). To properly allege a conspiracy claim, a plaintiff must plead both an agreement to participate in an unlawful act, and an injury caused by an unlawful overt act performed in furtherance of the agreement. *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1520 (N.D. Cal. 1990).

The conclusory allegation, made on information and belief, that Mr. Grossi and Mr. Kiminaia entered into a mutual agreement to commit fraud is insufficient; rather, "[t]o survive a motion to dismiss, plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement." *Id.* at 1521. The allegation that Mr. Kiminaia and Mr. Grossi work for the same company is not sufficient to plead a conspiracy. *Id.* At a minimum, Zip Medical and Signal Genomics must plead facts showing the existence of an actual agreement to commit fraud. *See Bell Atlantic Corp. v. Twombly* 550 US 544, 565, & fn. 10 (2007) (allegations of defendants' parallel conduct alone did not establish "plausible" claim of conspiracy in restraint of trade).

Here, the Second Amended Complaint provides only the conclusory allegation that Mr. Grossi and Mr. Kiminaia entered into a mutual agreement to defraud both Zip Medical and Signal Genomics. Such naked assertions are to be disregarded in determining whether Zip Medical and Signal Genomics have pled sufficient facts to state a claim. The only other allegations relating to Mr. Kiminaia,

13
DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

again made on information and belief, are that he sent Plaintiffs two checks that subsequently bounced and that he created a handful of FedEx shipping labels that Mr. Grossi never mailed. At best this is "parallel conduct" and certainly does not rise to the level of a plausible allegation that Mr. Grossi and Mr. Kiminaia explicitly agreed to defraud Plaintiffs. Moreover, given that Mr. Kiminaia is not alleged to have been involved in Helix's daily operations but was instead the CFO, it is much more plausible that he allegedly wrote a check to Plaintiffs, not because he was part of some grand conspiracy, but rather because he had simply been asked to do so. The complaint offers no particular allegations of fact to show an agreement to defraud, and this claim should therefore be dismissed.

## D. Plaintiffs' Breach of the Covenant of Good Faith Claim is Superfluous.

Finally, Plaintiffs' implied covenant of good faith and fair dealing claim is entirely duplicative of Plaintiffs' breach of contract claims and, therefore, superfluous.

Claims for breach of the implied covenant of good faith and fair dealing must allege "something beyond breach of the contractual duty itself." *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1394-1395. Plaintiffs must allege an "unfair dealing," i.e., "a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Id.* When Plaintiffs allege "a mere contract breach and rely[] on the same alleged acts" to assert a cause of action for breach of the covenant of good faith, that claim "may be disregarded as superfluous as no additional claim is actually stated." *Id.*

Here, Plaintiffs do not offer any new or different factual allegations in support of the breach of the covenant of good faith claim. To the contrary, the complaint explicitly states that the basis of this claim is the exact same as the breach of contract claim—that Helix said it would pay Plaintiffs for services rendered

pursuant to the contracts, but then failed to do so.  Therefore, this newly asserted claim is superfluous and, like those discussed above, should be dismissed.

### E. Plaintiffs Are Unable to Amend the Complaint to Remedy Its Deficiencies.

Defendants' motion should be granted without leave to amend because the complaint cannot be cured.  As an initial matter, Plaintiffs have already amended their complaint twice to address (in part) Defendants' concern about the lack of personal jurisdiction over the Individual Defendants, and there is no reason to believe that Plaintiffs held back any additional facts from the current complaint. Similarly, Defendants expressed their concerns about Plaintiffs' tort claims during two rounds of meeting and conferring, and no additional allegations will change that the fraud claims are simply redressed breach of contract claims barred by the economic loss rule, or that the breach of the covenant of good faith claim is superfluous.  Plaintiffs will be unable to articulate how amending their complaint a third time will resolve the issues identified in this motion, and therefore leave to amend should not be granted.

## IV. CONCLUSION

Based on the foregoing, Defendants request that all of the claims against Mr. Grossi and Mr. Kiminaia be dismissed for lack of personal jurisdiction, and that Claims Two, Three, Five, Six, Eight and Nine be dismissed without leave to amend.

DATED: January 19, 2021                    DOWNEY BRAND LLP

                                           By:      /s/ Annie S. Amaral
                                                  ANNIE S. AMARAL
                                                  Attorneys for Defendant ARK
                                                  LABORATORIES, LLC dba HELIX
                                                  DIAGNOSTICS

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2020, I electronically filed the **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David W. Kani
Hochfelsen Kani, LLP
895 Dove Street, Suite 300
Newport Beach, CA 92660
Tel: 714.907.0697
Dkani@hockani.com

*Counsel for Plaintiffs*

/s/ Linda Cortez
Linda Cortez