1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**
9       **CENTRAL DISTRICT OF CALIFORNIA**
10
11  ZIP MEDICAL BILLING, LLC, <u>et al.</u>,       )       Case No. CV 20-9049 FMO (JEMx)
                                                   )
12              Plaintiffs,                        )
                                                   )
13              v.                                 )       **ORDER**
                                                   )
14  ARK LABORATORY, LLC, <u>et al.</u>,            )
                                                   )
15              Defendants.                        )
    _____              )
16

17          Having reviewed and considered all the briefing filed with respect to Ark Laboratory, LLC

18  d/b/a Helix Diagnostics, James Grossi ("Grossi"), and Norman Kiminaia's ("Kiminaia") (collectively,

19  "defendants") Motion to Dismiss Second Amended Complaint (Dkt. 27, "Motion"), the court finds

20  that oral argument is not necessary to resolve the Motion, <u>see</u> Fed. R. Civ. P. 78(b); Local Rule

21  7-15; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

22          Many motions to dismiss can be avoided if the parties confer in good faith (as required by

23  Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could

24  be corrected by amendment.  <u>See</u> <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052

25  (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to

26  amend unless it is clear that the complaint could not be saved by any amendment).  Even after

27  a complaint has been amended or a responsive pleading has been served, the Federal Rules of

28  Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so

requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendants' Motion and dismiss plaintiffs' Second Amended Complaint (Dkt. 26) with leave to amend. In preparing the Third Amended Complaint, plaintiffs shall carefully evaluate the issues raised in this Order as well as the contentions set forth in defendants' Motion. In particular, plaintiffs should carefully consider whether they have alleged sufficient facts to establish personal jurisdiction over defendants Grossi and Kiminaia. Although the Ninth Circuit has rejected the contention that "a court may consider only the actions [an individual defendant] took in an individual capacity on their own behalf" rather than actions taken on behalf of an employer in considering specific personal jurisdiction in California, Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A., 972 F.3d 1101, 1109 (9th Cir. 2020), the court questions whether plaintiffs have alleged sufficient facts to show that Grossi and Kiminaia are subject to personal jurisdiction here. See, e.g., NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P., 2011 WL 3021896, *4-*5 (S.D. Cal. 2011) (no specific jurisdiction even where defendants "mailed payments to California for products that were shipped from California[ ] and communicated more than one hundred times with personnel in California").

Plaintiffs should also consider whether their fraud claims so overlap with their breach of contract claims that the fraud claims are barred by California's economic loss rule. See, e.g., JMP Sec. LLP v. Altair Nanotechnologies Inc., 880 F.Supp.2d 1029, 1042-44 (N.D. Cal. 2012) (dismissing fraud claims with prejudice under California's economic loss rule where plaintiff "allege[d] that [defendant] misrepresented . . . on numerous occasions that [defendant] would pay . . . when all along [defendant] knew that it would not").

Based on the foregoing, IT IS ORDERED THAT:

1.      Defendants' Motion to Dismiss **(Document No. 27)** is **granted**.

2.      The Second Amended Complaint (Dkt. 26) is **dismissed with leave to amend**.

3.      If plaintiffs still wish to pursue this action, they are granted until **April 29, 2021**, to file a third amended complaint attempting to cure the deficiencies set forth above as well as the

other alleged defects outlined in defendants' Motion.  The court expects that defendants will agree to any amendments that will or attempt to cure the alleged defects.

4.     The third amended complaint must be labeled "Third Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 20-9049 FMO (JEMx).  In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Third Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5.     Plaintiffs are cautioned that failure to timely file a Third Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6.     Defendants shall file their Answer(s) to the Third Amended Complaint or motion(s) pursuant to Fed. R. Civ. P. 12 no later than **May 13, 2021**.

7.     In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **May 6, 2021, at 10:00 a.m.**[1] meet and confer in person, via video, or telephonically to discuss defendants' motion to dismiss.  Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each

---

[1]  Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.

attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

Dated this 19th day of April, 2021.

                                                                /s/
                                                    Fernando M. Olguin
                                              United States District Judge