STEVEN I HOCHFELSEN, Bar No. 129491
DAVID W. KANI, Bar No. 243032
**HOCHFELSEN & KANI, LLP**
895 Dove St., Suite 300
Newport Beach, California 92660
Telephone: (714) 907-0697

Attorneys for Plaintiffs
ZIP MEDICAL BILLING, LLC,
SIGNAL GENOMICS, LLC, &
SIGNAL DIAGNOSTICS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ZIP MEDICAL BILLING, LLC, a Delaware Limited Liability Company; SIGNAL GENOMICS, LLC, a Delaware Limited Liability Company; SIGNAL DIAGNOSTICS, LLC, a Delaware Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>ARK LABORATORY, LLC dba HELIX DIAGNOSTICS, a Michigan Limited Liability Company; JAMES GROSSI, an individual; NORMAN KIMINAIA, an individual; and DOES 1 through 100;<br><br>Defendants. | Case No.: 2:20-cv-09049-FMO-JEM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date: June 17, 2021<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin |

TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................1

II. ARGUMENT........................................................................................................4

    A. The Economic Loss Rule Does Not Immunize Defendants From Their Fraudulent Acts...................................................................................................................4

    B. The Individual Defendants' Acts Were Outside The Normal Scope of Contractual Performance, And Thus Give This Court Jurisdiction Over Them............................6

    C. Plaintiffs Have Adequately Pled A Conspiracy Claim................................................8

    D. Plaintiffs Have Adequately Pled A Claim For Breach of the Duty of Good Faith and Fair Dealing...................................................................................................................8

III. CONCLUSION...................................................................................................9

| | |
|---|---|
| 1 | TABLE OF AUTHORITIES |

*Cases*

*F.D.I.C. v. CoreLogic Valuation Services, LLC,* (C.D. Cal., Nov. 14, 2011, No. SA CV 11-0704 DOC) 2011 WL 5554324, at *4, citing *Aas v. Superior Court,* (2000) 24 Cal.4th 627, 643, 101 Cal.Rptr.2d 718..................................................................................................................5

*Aas v. Superior Court, (*2000) 24 Cal.4th 627, 636, 101 Cal.Rptr.2d 718.......................................5

*Robinson Helicopter Co., Inc. v. Dana Corp.,* (2004) 34 Cal.4th 979, 984 22 Cal.Rptr.3d 352 ................................................................................................................................................5,6

*Harris v. Atlantic Richfield Co.,* (1993) 14 Cal.App.4th 70, 78, 17 Cal.Rptr.2d 649..................5,6

*Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008)............................................................7

*Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1228 (9th Cir. 2011)..............................7

*Dole Food Co. Inc. v. Watt,* 303 F.3d 1104, 1114 (9th Cir. 2002)...................................................8

*Alfus v. Pyramid Tech. Corp.,* 745 F. Supp 1511, 120 (N.D. Cal. 1990)........................................8

*In re Vylene Enter., Inc.,* 90 F.3 1472, 1477 (9th Cir. 1996)(*citing Harm v. Frasher,* 181 Cal.App.2d 405, 417 (1960)..........................................................................................................9

*Harm v. Frasher,* 181 Cal.App.2d 405, 417 (1960)…....................................................................9

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1394 (1990).........................9

*Calderon Int'l Ltd. V. Walt Disney Co.,* 347 F. Supp 2d 846, 82 (C.D. Cal. 2004).........................9

*Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 17, 353 n.18 (2000).............................................................9

**HOCHFELSEN & KANI, LLP**
895 Dove Street, Suite 300
Newport Beach, California 92660
Tel. (714) 907-0697

# INTRODUCTION

Contrary to Defendants' claims, the Third Amended Complaint in this action was substantially amended to make clear that the basis of the fraud claims – and jurisdiction over the individual defendants – is not a promise to perform under the parties' agreement. Rather, the fraud is the creation of a phony image of a check – and a deliberate misrepresentation of fact that it had already been sent. In addition, the basis is the creation of phony tracking numbers for Fed Ex envelopes that Defendants had fraudulently misrepresented had been sent. The Third Amended Complaint was not, as Defendants claim, a "carbon copy" of the Second.

The fraud case against the defendants, and jurisdiction over the individual defendants, is based on their deliberate misrepresentations of existing facts, not on fraudulent promises that the company would perform under the contract. And those deliberate misrepresentations were not within the scope of the defendants' behavior in performing on the parties' agreement. They were something well beyond that.

According to Defendants' theory, an officer or employee of a company may rob a bank, and as long as the stolen funds are used to pay a company obligation, he cannot be held liable for the robbery. Nor can he be subject to jurisdiction in the state where the bank was robbed.

That is not – and cannot be – the law. In fact, the California Supreme Court has already found that the Economic Loss Rule does not immunize a defendant from fraud committed during a transaction between the parties. It so found in a case very similar to this one, where the fraud consisted of the creation of fraudulent documents.

Here, Defendants did not rob a bank. Instead, they committed fraud. They created a phony image of a check that they said they had sent. They made affirmative misrepresentations that the check had been sent, and they created phony tracking codes and claimed to have sent

Fed Ex envelopes to Plaintiffs. And they did it all to keep Plaintiffs performing under a contract they had no intent of honoring so that Defendants' company could develop its own systems, not have to use Plaintiffs' services in the future, and never have to pay for the services it already used. Essentially, they stole Plaintiffs' services, in order to do an end-run around Plaintiffs, all the while never intending to pay for the services they were stealing, and to steal Plaintiffs' clients.

This was not a simple matter of promising to perform on a contract. This was a matter of affirmatively representing that they had already performed, along with sending fraudulent images of checks and tracking numbers that were nonexistent. Defendants were making affirmative misrepresentations of fact that were significantly outside the course and scope of their company's performance of its obligations.

This is the distinction: their performance was outside the normal scope of what an employee does in the performance of a contract for his employer, and for that reason, their conduct gives rise to independent liability for the fraud, and jurisdiction against the individuals for their fraud. This motion should be denied.

## FACTS

Plaintiffs Zip Medical, Signal Genomics, and Signal Diagnostics are all Delaware limited liability companies with their principal place of business in Los Angeles, California, that provide medical billing services, operational assistance, and laboratory testing services, respectively. Third Amended Complaint ("TAC") at ¶¶1-3, 14, 26, 33 at ECF No. 26. Alex Meshkin ("Meshkin") is the CEO of all plaintiff entities. Helix is a laboratory testing company in Michigan, with Grossi as its CEO, and Kiminaia as its CFO. TAC at ¶¶4-6.

The parties ultimately entered into agreements between Helix and Zip Medical, and

Helix and Signal Diagnostics. Both agreements include jurisdiction, venue and choice of law clauses wherein Helix consented to the exclusive jurisdiction and venue of the state and federal court of Los Angeles to resolve any dispute (TAC Exhibit 1, ¶21.4; Exhibit 2, ¶¶ 10.1, 10.2). The Zip Medical Agreement and Signal Genomics Agreement are attached to the TAC as Exhibits 1 and 2. TAC, Exhibits 1 and 2, ECF No. 25. Those agreements are the background of the disputes raised in this action.

As has already been established without dispute, Meshkin first met Grossi and Kiminaia in Michigan in 2017, to discuss a potential business relationship with Helix.

Moreover, it is undisputed that Grossi and Kiminaia knew that Meshkin's companies, Zip Medical, and Signal Genomics, were based in Los Angeles.

On November 15, 2017, Zip Medical and Helix entered into the Zip Billing Agreement for a period of 12 months, which on its own terms renewed for an additional 12 months on November 15, 2018. TAC at ¶¶14,17. Shortly thereafter, on or about December 1, 2017, Helix and Signal Genomics entered into a Signal Genomics Agreement for a period of 12 months which also automatically renewed on its own terms for an additional 12 months on December 1, 2018. TAC at ¶¶31.

By March of 2018, Helix had become past due on its payment obligations to Zip Medical and Signal Diagnostics. TAC at ¶¶21, 34. Plaintiffs allege that Helix was in the process of moving the services it had retained Zip Medical to perform in house. TAC at ¶29. As such, Grossi and Kiminaia entered into a agreement to string Zip Medical and Signal Genomics along to continue to receive the benefits of their services without paying for them until Helix was ready to perform some of their tasks in house. TAC at ¶¶29, 95.

To that end, starting from March 2018, to April 2019, Grossi made a series of

misrepresentations to Meshkin, in California by text message, that Helix had either already sent payment by check, or that payment was en route via FedEx, or on the occasion that he did sent payment, Helix's check bounced because the account it was drawn from had no money. TAC at ¶¶23, 29. To convince Meshkin that payment was either en route or was forthcoming, Grossi directed Kiminaia to write and sign phony checks made out to Zip Medical and Signal Diagnostics, and purchase FedEx shipping labels with tracking numbers. In each case, Grossi then texted message pictures of the phony checks and tracking numbers to Meshkin to keep Zip Medical and Signal Genomics working for Helix without ever intending to pay them or their services. TAC at ¶¶21-23, 34.

The purpose for this deception was to keep Zip Medical and Signal Genomics providing services to the Defendants while the Defendants stole the Plaintiffs' clients and developed their own systems so that they could continue their business without ever having to pay the Plaintiffs for their work.

This lawsuit seeks to have Defendants Zip Medical and Helix held liable on their breached contracts, and to have Defendants Grossi and Kiminaia held liable for their fraudulent misrepresentations of fact.

## ARGUMENT

**A. The Economic Loss Rule Does Not Immunize Defendants From Their Fraudulent Acts.**

All of the law Defendants cite in support of their claim states, simply, that a Plaintiff may not recover in tort for a breach of contract. In fact, a simple promise to pay or perform on a contract may not support a fraud claim because performance and payment are part of the contractual duties. Consequently, the failure to comply with contractual duties does not support

4

a fraud claim because that would be re-casting a breach of contract as a tort. *See e.g., F.D.I.C. v. CoreLogic Valuation Services, LLC* (C.D. Cal., Nov. 14, 2011, No. SA CV 11-0704 DOC) 2011 WL 5554324, at *4, citing *Aas v. Superior Court* (2000) 24 Cal.4th 627, 643, 101 Cal.Rptr.2d 718.

The *Aas* case dealt with the question of whether a party could recover in negligence for a breach of contract resulting in purely economic loss by merely alleging that the breach of contract was negligent. It held that a party could not[1]. However, even in the *Aas* case, the Court recognized that a fraud claim was still possible if fraud had been committed:

> "[T]he difference between price paid and value received, and deviations from standards of quality that have not resulted in property damage or personal injury, are primarily the domain of contract and warranty law <u>or the law of fraud</u>, rather than of negligence."

*Aas v. Superior Court,* (2000) 24 Cal.4th 627, 636, 101 Cal.Rptr.2d 718 (emphasis added).

In fact, in *Robinson Helicopter Co., Inc. v. Dana Corp.,* (2004) 34 Cal.4th 979, 984 22 Cal.Rptr.3d 352, the California Supreme Court <u>expressly held</u> that the economic loss rule did not bar a recovery in tort where it was based on fraudulent conduct that involved the provision of fraudulent documents:

> "In this case, we decide whether the economic loss rule . . . applies to claims for intentional misrepresentation or fraud in the performance of a contract. Because [Plaintiff's] fraud and intentional misrepresentation claim, with respect to [Defendant's] provision of false certificates of conformance, is an independent action based in tort, <u>we conclude that the economic loss rule does not bar tort recovery</u>."

*Id.* (Emphasis added). *See also Harris v. Atlantic Richfield Co.* (1993) 14 Cal.App.4th 70, 78, 17 Cal.Rptr.2d 649 ("when one party commits a fraud during the contract formation or

---

[1] The <u>Aas</u> case involved a contractor that constructed a faulty project. It was sued for breach of contract and for negligent construction of the project. The court held that, absent independent economic loss from the negligence, the failure to adequately perform on the contract could be alleged only as a breach of contract cause of action.

5

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

performance, the injured party may recover in contract and tort")[2].

Here, the fraud claim is based on an independent act of fraud – the creating of a phony check and phony tracking numbers for packages that were never sent, and the misrepresentations of fact that they had been sent.

As the California Supreme Court has determined, liability for such independent fraud is not eliminated merely because there was also a breach of contract. *Robinson Helicopter Co., Inc. v. Dana Corp., supra.* For this reason, the "economic loss" rule expressly does not bar this claim. *Robinson Helicopter, supra.* Consequently, this motion should be denied.

**B.  The Individual Defendants' Acts Were Outside The Normal Scope of Contractual Performance, And Thus Give This Court Jurisdiction Over Them.**

The individual Defendants' jurisdiction argument arises from their faulty premise that the only viable claim in this case is a contract claim, and since they are not personally parties to the contract, they are not subject to jurisdiction based on it. Thus, they argue, they are immunized from their fraud, and the contract claims do not give rise to jurisdiction over the individuals in California. However, as set forth above, their premise is faulty. In fact, independent acts of fraud, even when committed in the act of contract performance, <u>still give rise to a separate fraud claim</u>. *Harris v. Atlantic Richfield Co., supra; Robinson Helicopter Co., Inc. v. Dana Corp., supra.*

The fraud claim is what gives rise to the jurisdiction over the individual defendants. The act of creating the phony check, creating the phony tracking numbers, misrepresenting the

---

[2]  This comports with California's general rule that "a tortious breach of contract ... may be found when (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion. . . ." *Robinson Helicopter Co., Inc. v. Dana Corp.,* (2004) 34 Cal.4th 979, 990, 22 Cal.Rptr.3d 352.

fact that these items had been sent, and the stealing of Plaintiffs' client, all were <u>extracontractual</u> acts, not performed in the course and scope of Helix's and Signal Genomics' performance on the parties' agreement. All of these acts were independent torts, and it is these independent torts that give rise to jurisdiction over the individual defendants for their conduct, not their acts to assist their employer with contractual performance.

It is beyond argument that the individual defendants' fraudulent acts were knowingly aimed at Plaintiffs, all of whom were California entities. Thus, defendants' acts were intended to, and did, have effects in California. There is no claim that there is general jurisdiction over these defendants in California. However, where they engaged in acts intended to have an impact in California, and those acts did, in fact, have such an impact, there is specific jurisdiction over them here.

The ninth circuit applies the following test to determine specific jurisdiction: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

A defendant "purposefully directs" his activities at a state where he commits an intentional act aimed at the state that he knows will have effects in that state. *Mavrix Photo, Inc. v. Brand Techs.*, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). Here, it is beyond question that Plaintiffs have adequately pled that the individual defendants' fraudulent acts were directed at

Plaintiffs, and they knew their acts would affect Plaintiffs.

These claims are based exclusively on Defendants' forum-related fraud, and therefore the claims "arise out of or relate to" that fraud.

Defendants have the burden of proving that exercise of jurisdiction here is unreasonable (*See Dole Food Co. Inc. v. Watt*, 303 F.3d 1104, 1114 (9th Cir. 2002)), and they have not met their burden here.

### C. Plaintiffs Have Adequately Pled A Conspiracy Claim.

As noted above, the fraud claim alleged in this case is a viable claim. Moreover in the Complaint, it is alleged that Grossi and Kiminaia agreed to do it, and that it damaged Plaintiffs. Pleading of an agreement to participate in an unlawful act, and an injury caused by an unlawful overt act performed in furtherance of the agreement, is a sufficient pleading of a conspiracy. *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp 1511, 120 (N.D. Cal. 1990).

Here, Plaintiffs alleged the specific acts that constituted the fraud, as well as the specific agreement and communications committed in furtherance of the conspiracy[3].

Consequently, the conspiracy has been adequately alleged and this motion to dismiss should be denied.

### D. Plaintiffs Have Adequately Pled A Claim For Breach of the Duty of Good

---

[3] Plaintiffs allege that Grossi and Kiminaia entered into a mutual agreement to defraud plaintiff Zip Medical and Signal Genomics by way of Grossi's repeated false payment promises for Helix to continue to receive the benefit of Zip Medical's and Signal Genomics' services without having to pay for them; Kiminaia, at Grossi's instructions, wrote a check to Zip Medical that he knew or should have known would not clear and in fact did not clear; Kiminai also created FedEx shipping slips with tracking numbers at Grossi instructions, which Grossi then texted images of to Meshkin to convince him that payment had been sent, where in fact, it never was. Plaintiff also pled the dates of the alleged activity. In short, Kiminaia's role was to create the documentation used to defraud Plaintiffs, and Grossi role was to transmit images of the documentation by text message to Meshkin and say whatever he needed to say to convince him Helix had paid. Finally, plaintiffs allege that, because of the conspiracy, it suffered damages.

**Faith and Fair Dealing.**

As noted above, Plaintiffs have pled not only a breach of contract claim, but a series of viable tort claims under California law. *Infra*. Consequently, they have pled more than a simple breach of contract, and this claim is not duplicative of the breach of contract claim.

All contracts in California have an implied covenant of good faith and fair dealing. *In re Vylene Enter., Inc.*, 90 F.3 1472, 1477 (9th Cir. 1996)(citing *Harm v. Frasher*, 181 Cal.App.2d 405, 417 (1960). The Complaint in this case alleges multiple acts, neither proscribed nor permitted by the contract, that unfairly frustrate "the agreed common purposes and disappoints the reasonable expectations of the other party." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (1990). Only if "the allegations do not go beyond the statement of a mere breach and, relying on the same allege acts, simply seek the same damages or other relief already claimed in a companion contract cause of action" may they be disregarded as superfluous. *Id*.

That is not the case here. This case seeks recovery in tort, and California law is clear that a cause of action is not superfluous or duplicative if plaintiff seeks recovery in tort. *Calderon Int'l Ltd. V. Walt Disney Co.*, 347 F. Supp 2d 846, 82 (C.D. Cal. 2004). It also is not superfluous if the plaintiff alleges that defendants acted in bad faith to frustrate the benefits of the contract, which based on the allegations of the TAC, they did here. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 17, 353 n.18 (2000). Plaintiffs have adequately alleged both. This motion to dismiss should be denied.

## CONCLUSION

For all of the reasons set forth above, this motion should be denied.

|  |  |
|---|---|
| | **HOCHFELSEN & KANI, LLP** |
| Date: May 27, 2021 | By:    <u>/s/ David Kani</u><br>David W. Kani, Esq.<br>Attorneys for Plaintiffs<br>ZIP MEDICAL BILLING, LLC,<br>SIGNAL GENOMICS, LLC, &<br>SIGNAL DIAGNOSTICS, LLC |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2021, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DOWNEY BRAND LLP
ANNIE S. AMARAL (Bar No. 238189)
aamaral@downeybrand.com
J. PATRICK DOUST (Bar. No. 280917)
pdoust@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:   916.444.1000
Facsimile:   916.444.2100

WACHLER & ASSOCIATES, P.C.
ANDREW B. WACHLER
(admitted *pro hac vice*)
AWachler@wachler.com
STEPHEN SHAVER
(admitted *pro hac vice*)
SShaver@wachler.com
210 E. Third Street, Suite 204
Royal Oak, MI 48067
Telephone:   248.544.0888
Facsimile:   248.544.3111

*COUNSELS FOR DEFENDANTS*


By:   /s/ Paola Zuno
        Paola Zuno

**HOCHFELSEN & KANI, LLP**
895 Dove Street, Suite 300
Newport Beach, California 92660
Tel. (714) 907-0697

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**